[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought a three count complaint against the defendant on February 3, 200, alleging the following:
(1) that pursuant to an agreement between the parties the defendant took possession of the plaintiff's condominium unit and failed to pay the outstanding rental balance after credits for payments and legal set CT Page 1833 offs; (2) that the plaintiff left personal property and household goods for the defendant's use which the defendant converted and removed same when she vacated the condominium unit. The plaintiff further claims that the defendant is still in possession and control of that property; and (3)that the defendant arranged for telephone service at the unit, placed the account in the plaintiff's name without her authorization or consent, and there is a balance owed of $585.94. The defendant denies each claim and filed a pre-trial memorandum dated April 11, 2000. The plaintiff is seeking monetary damages, interest and any other relief allowed at law and in equity.
After a three day trial the following facts are not in dispute. The plaintiff owned a condominium unit [hereafter unit] located at 30 Woodland Street, Unit 11-C, Hartford, Connecticut. The plaintiff had lived in the unit for more than ten (10) years and moved out at the the end of 1994. The plaintiff was having difficulty finding a tenant to rent the unit and the Condominium Associates had brought a foreclosure action for non payment of condominium fees. The unit was in need of repairs.
The plaintiff and the defendants met in 1993 and formed a professional and personal relationship. The parties talked in November or December of 1995 through January 1996. The defendant was looking to move and the plaintiff was still looking for a tenant. The foreclosure action was also pending.
The parties entered into an informal agreement the terms of which are in dispute. The plaintiff believes that she had agreed to rent the unit to the defendant for $650.00[1] per month and the defendant would do the repairs in lieu of paying rent for three months.[2] The plaintiff believed that the needed repairs were as follows: bathroom tile and shower wall and in the kitchen the garbage disposal had to be repaired. The plaintiff stated that the repairs started in February 1996 and the defendant was expected to start paying rent in March of 1996. The plaintiff also authorized the defendant to make changes in the unit, including painting and furnishings as long as the changes did not decrease the value of the unit and she did not have to pay for them.
The defendant hired Lucien Grener to do the repairs. The cost and extent of the needed repairs far exceeded the expectations of either party. The defendant told the plaintiff about the additional cost before moving in. There was no objection. The following repairs were done in the bathroom by Mr. Grener; he replaced the tile, the plumbing, the sink and a wall. He also filled and taped holes and cracks and fixed corners and doors and painted. He made the following repairs in the kitchen: replaced the garbage disposal, the dish washer and the track lighting. Mr. Grener also replaced rotted areas on the floor which appeared to be the result CT Page 1834 of the problem with the garbage disposal. Mr. Grener further testified that the defendant assisted and that all the repairs were necessary and there was nothing special done. The defendant notified the plaintiff of the repairs and there is no evidence that the plaintiff objected.
There were additional repairs and changes made to the unit. The defendant painted and sheet rocked the wall in the bedroom. There was a leak from the unit on the floor above this unit which caused damage to three areas in the living room. The recessed lighting was replaced by a ceiling fan and light combination. A wall was fixed and the wall paper was replaced. The condominium association found asbestos and replaced the carpet, the sliding glass door and the windows in the living room. There is no dispute that the repairs were done. The plaintiff thinks some may have been cosmetic but Mr. Grener said they were necessary. The disagreement is about the amount of the cost that should be credited against the rent.
The plaintiff was represented on the foreclosure action against her by Attorney Mumford who became ill in 1997. The defendant, who is an attorney agreed to represent the plaintiff. The defendant had been helping on this matter since the summer of 1996. The defendant had been helpful to the plaintiff in other cases. However, there hasn't been any claim made as to those services. The parties agreed that the defendant would pay the current condominium fees in lieu of paying rent. The defendant negotiated a settlement with the condominium association on the foreclosure and the reduced rate for her services was $135.00 per hour.
The defendant vacated the unit the first week of September 1998. The plaintiff went to the unit one week later. The plaintiff is seeking reimbursement and/or replacement value for personal property alleged to be taken by the defendant and still in her possession.
The missing items are identified as follows:
1. Miniblinds from the bedroom. The blinds were in the unit at the time the plaintiff took possession and she believes were valued at $300.00. The defendant says she does not recall seeing the blinds in the unit.
2. Vertical blinds for the dining room which the plaintiff says she purchased for $350.00. After the damage to the living room the condominium association replaced the glass door and windows and the blinds were thrown on the floor.
3. Recessed lighting in the dining room. The defendant replaced this with a ceiling fan and light combination. CT Page 1835
4. Track lighting in the kitchen. Mr. Grener and the defendant stated that this was replaced.
5. Two antique tables. Mr. Grener stated that he purchased two tables from the plaintiff.
6. Cherry gate like table. The defendant admits to taking this table believing that the plaintiff had abandoned it.
7. Velveteen oak love seat valued between $400.00 and $500.00. The defendant believed that this item was a gift from the plaintiff and she paid $350.00 to have it redone.
8. Pink love seat. The defendant believed that the plaintiff had left this love seat for her to use and the defendant left it in the unit when she vacated the premises.
9. Rocking chair. The defendant claims she never saw the rocking chair.
10. Set of bankers lamps (reproductions) valued at between $100.00 to $150.00. The defendant claims that the lamps were damaged and she had them repaired. They lasted for one year after that.
11. Marble inset coffee table. The defendant claims she never saw this table.
12. Piano. The defendant believes this was a gift from the plaintiff.
13. Hall tree. The defendant denies ever seeing a hall tree.
14. Music stand. No value given.
The plaintiff did not present any evidence as to what items were in the unit when the defendant moved in. The plaintiff also did not present any evidence as to the cost or replacement value of the items. She gave a guess as to what she thought it would be. The defendant and Mr. Grener stated that property left in the unit was all pushed together in the middle of the room. No one seems to know exactly what items were there.
Findings
 Count I
Judgment for the defendant. The amount of rent due from March 15, 1996 to September 15, 1998 was $18,000.00[3]. As a natter [matter] of equity the defendant is entitled to credits and legal set-offs which exceed $18,000.00. The plaintiff has benefitted greatly CT Page 1836 from the services of the defendant whereby the foreclosure matter with the condominium association was resolved and there were substantial repeairs to the unit which has enhanced the value of the unit.[4] This value would be making it realized by the plaintiff at the time of sale or rental. To order any payments by the defendant would result in the plaintiff being unjustly enriched.
Count II
Partial judgment for the plaintiff.
Item #1
 The mini blinds in the bedroom were over (10) ten years old when the defendant moved in and would have been over fourteen (14) years old when the defendant moved out. If you assume that the blinds were there when the defendant moved in, with normal wear and tear it would not be equitable to require payment of $300.00 to replace them.
Item #2
 It appears that the vertical blinds were removed to facilitate the repairs, some of which were done by the Condominium Association, including replacing the sliding glass door. The blinds were thrown on the floor. The defendant is partially responsible and is ordered to reimburse the plaintiff $175.00.
Items #3 and 4 (lighting)
 These items were replaced. It would be inequitable to require payment.
Item #5
 It appears that these items were purchased by Mr. Grener.
Item #6
 The defendant is ordered to return the Cherry gate like table or reimburse the plaintiff $500.00.
Item #7 CT Page 1837
 The defendant is ordered to return the Velveteen oak love seat to the plaintiff and the plaintiff shall reimburse the defendant $350.00, the amount paid to have it redone. If the defendant is no longer in possession of the love seat she must reimburse the plaintiff $450.00.
Item #8
 There is no evidence that the defendant is in possession of the pink love seat, The defendant says she left it when she vacated the unit. There was at least a week between that date and when the plaintiff went to the unit and no evidence was presented for the court to conclude that it is in the defendant's possession. It would be inequitable to order reimbursement for this item.
Items #9 and #11 and 13
 There is no evidence that the items were in the unit when defendant moved in or that they are now in her possession. It would be inequitable to order reimbursement for these items.
Item #10
 The defendant claims the bankers lamps were damaged and she paid to have them repaired and then they broke again. Since the defendant had the use of the lamps for some time, defendant is ordered to reimburse the plaintiff $100.00.
Item #14
The defendant is ordered to return the music stand.
Count III
Judgment for the defendant The plaintiff did not present any evidence on this count.
The orders as to Count 2 are to be complied with within thirty days of receipt of the order. CT Page 1838
Crawford, J.